## INNKEEPER'S LIABILITY FOR PROPERTY STOLEN BY AN EMPLOYE.

Circuit Court of Cuyahoga County.

ALFRED ALOE v. E. FULLER.

Decided, January 17, 1910.

*Hotel Keeper's Liability for Theft by Employe—Employe Must be Engaged in Master's Business—Guest, Not Boarder.*

One who has property stolen from him in a hotel by an employe of the proprietor of the hotel, in order to recover in an action against the proprietor must show, either that the dishonest employe stole when engaged in his master's business, or that he sustained the relation of guest and not of boarder to the hotel.

*Riley & McQuigg,* for plaintiff in error.
*Solders, Thayer & Mansfield,* contra.

HENRY, J.; WINCH, J., concurs; MARVIN, J., not sitting.

The parties to this proceeding in error stand as they stood below, where a verdict and judgment for the defendant was directed at the close of the plaintiff's evidence. The plaintiff is a captain in the regular army, and came to Cleveland on recruiting service, the duties of which commonly occupy a period of two years at a single post. He sought and obtained accommodations for himself and family, consisting of several persons, at the Garfield Apartment Hotel, at the rate of $72 a month for his lodgings and $21 per week per person for meals. After having remained there some months he and his family had occasion to go to Chicago for about a week and locking the door of their apartment, they entrusted the key, before leaving, to the night watchman, who was the person on duty in the office that night. Upon returning they found that an employe of the defendant (who was the proprietor of the house), had broken into their lodgings and stolen personal property valued at over $200, During their absence in Chicago they paid at the regular rate for both board and lodgings precisely as if they had been present. The family stayed in the hotel some months longer, having during all this time no other home than the apartment hotel aforesaid. Their household goods were there, and there they lived, though it does not appear what their contract provided, if anything, upon the subject of the duration of their stay, or of the termination of their obligation to pay for their board and lodgings in case of their leaving permanently at any time, in the middle of a month or week, as the case might be.

The action below was brought to recover the value of the goods stolen. The petition counts solely upon the relation of innkeeper and guest. It is true that it alleges that the theft was committed by one of the defendant's employes, but it fails to state what the scope of the employe's duty was, and for aught that appears it may have been totally foreign to the time and place of the theft. It must of course appear that the wrongful conduct of an employe was while he was upon his master's business, in order to enable any third person who is injured by such wrongful conduct to claim indemnity from the employer upon the doctrine of *respondeat superior*.

The relation of innkeeper and guest is, however, properly set forth in the petition and the evidence, which is brought up by bill of exceptions, discloses facts sufficient to warrant the inference that the proprietor of the Garfield Apartment Hotel was an innkeeper. The real difficulty hinges upon the question whether Captain Aloe and his family were guests or merely boarders.

In the only parallel case that was cited to us on behalf of the plaintiff in error, to-wit, the case of *General Hancock*, in 48 American Reports, 112, a recovery for his loss was allowed upon the theory that he was a guest, because his contract authorized his permanent departure at any time, although, in fact, he remained for a long period of time as a guest of the inn or hotel where he stopped.

In the present case some attempt was made to introduce a section of the United States army regulations in order to show the necessarily uncertain and transient character of Captain Aloe's residence at any post of duty. This evidence was excluded, and probably upon the correct theory that the defendant could not be bound by an army regulation of which, so far as appears, he had no notice whatever, and in any event, the regulation so denied introduction in evidence is not set forth in the bill of exceptions, and we are unable to say what it might have disclosed. At most, its sole possible bearing would be as to the terms of the contract between the parties, if those terms were implied instead of being expressed. As it is, we have searched the record in vain for an indication as to the contract's provisions, if any, either express or implied, relating to its duration. The house was of a character to accommodate both guests and boarders. Captain Aloe's relations to the house, so far as disclosed, are compatible with either relation, but whether he was a guest or boarder, we can not decide. The burden was upon him to establish the allegations of his petition in that behalf; it was incumbent upon him to show affirmatively that the terms of his contract were such as to constitute him a guest and not a boarder. Having failed so to do he was not entitled to go to the jury, and the court below was warranted in directing a verdict for the defendant.

The suggestion was made to us upon the hearing that the defendant in error is dead, and until the name of his personal representative is supplied to us, we shall necessarily defer entering the judgment of affirmance.